IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2640-B-BN |
| | § | |
| LESLIE T. WASHINGTON, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial

screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the

District Court. The undersigned magistrate judge issues the following findings of fact,

conclusions of law, and recommendation.

## Background

Plaintiff Nationstar Mortgage LLC ("Plaintiff") brought a forcible detainer action

in Texas state court against Leslie T. Washington and all occupants ("Defendant") of

real property located in Dallas, Texas (the "Property"). Plaintiff received a judgment

for possession of the Property in Justice of the Peace Court. Rather than persist in his

appeal of that judgment, Defendant filed a notice of removal on July 10, 2013 – one day

before trial was to commence before the County Court at Law, *see* Dkt. No. 3.[1]

---

[1] The undersigned notes that the Notice of Removal states that it is filed by
Leslie T. Washington, the named defendant in the state court proceeding, but the
Notice of Removal and other papers are signed by Edward Washington, who may be

After reviewing the notice of removal, the undersigned *sua sponte* questioned whether removal is proper. As a result, the undersigned sent a questionnaire in order to permit Defendant to provide facts supporting diversity jurisdiction, which is alleged in Defendant's notice of removal. *See id.* at 1-3; Dkt. No. 7. Plaintiff filed its Motion to Remand on July 19, 2013, arguing that remand is appropriate because the Court lacks subject matter jurisdiction and seeking the award of attorneys' fees and costs. *See* Dkt. No. 9. Defendant responded to the interrogatories by submitting an unsworn pleading on July 31, 2013, *see* Dkt. No. 15, but did not file a timely response to the remand motion. Plaintiff's motion is now ripe for consideration.

The undersigned concludes that the removal of this action was defective because it contravened 28 U.S.C. § 144l(b)'s forum-defendant rule and that Defendant has failed to meet the burden to establish that federal jurisdiction exists over Plaintiff's forcible detainer action. Plaintiff's motion to remand should be granted, but its motion for attorneys' fees and costs should be denied.

---

Leslie T. Washington's husband. *See* Dkt. No. 3; Dkt. No. 5; Dkt. No. 6; Dkt. No. 11; Dkt. No. 15. While Mr. Washington can represent himself, the law does not allow him to act as the attorney or representative for any other parties. *See, e.g.*, TEX. GOV'T CODE § 81.102 (prohibiting the practice of law in Texas unless the person is a member of the state bar); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (holding that a "power of attorney" does not entitle a plaintiff to engage in the unauthorized practice of law on behalf of other plaintiffs by preparing legal papers, filing petitions and briefs, and generally acting as an attorney in violation of state and federal provisions).

## Legal Standards and Analysis

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Plaintiff seeks remand on a number of bases, and the undersigned finds remand to be appropriate on the basis of the forum-defendant rule, as Plaintiff asserts. *See* Dkt. No. 9-1 at 2. Defendant has represented that all of the Defendants are citizens of Texas – the same state where Plaintiff filed the underlying eviction proceeding. See Dkt. No. 3 at 2, 3; Dkt. No. 15 at 3, 4. And Defendants were properly joined and served in the state court action. See Dkt. No. 3. An action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. *See* 28 U.S.C. § 1441(b)(2). Failure to comply with this requirement renders the removal defective. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009) (removal of case in violation of forum-defendant rule is

defective). Accordingly, the case should be remanded for this reason alone.

As discussed more fully below, however, the undersigned also concludes that the Court lacks subject matter jurisdiction because the amount-in-controversy requirement was not met and no federal question jurisdiction exists.

Defendant's Notice of Removal asserts that this Court has jurisdiction because this matter "is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs[.]" Dkt. No. 3 at 1. That is because, according to Defendant, the fair market value of the Property exceeds $75,000. *See id.* at 2; Dkt. No. 15 at 1-2. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-cv-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012) (citing cases). The only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the property at issue. And, here, the record is wholly devoid of any evidence or argument to establish the value of the right to possess or occupy the

-4-

property or that the value of that right exceeds $75,000. Despite Defendant's claims, evidence of a property's fair market value is not evidence of the value of the right to possess the property for purposes of establishing the amount in controversy in a removed eviction proceeding. *See Fed. Nat'l Mortg. Ass'n v. Salako,* No 3:13-cv-722-O-BF, 2013 WL 1703570, at *2 (N.D. Tex. Mar. 27, 2013), *rec. adopted*, 2013 WL 1715315 (N.D. Tex. Apr. 19, 2013); *see also Wells Fargo Bank v. Matts,* No. 3:12-cv-4565-L, 2012 WL 6208493, at *5 (N.D. Tex. Dec. 13, 2012) (collecting cases). Accordingly, the undersigned concludes that Defendant has failed to satisfy the burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a).

Additionally, in Defendant's response to the undersigned's questionnaire, Defendant states that "this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint alleges a cause of action under the laws of the United States." Dkt. No. 15 at 2. Defendant provides no further facts supporting federal question jurisdiction, except to cite to 15 U.S.C. § 1681. *See id.* These statements do not establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27- 28 (1983)). Defendant's removal papers and Defendant's response to the undersigned's questionnaire are wholly unclear as to what constitutes the federal question or questions at issue.

But Defendant has not shown that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law. And state court papers in the record show that Plaintiff did not raise any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action. *See* Dkt. No. 3; accord *Federal Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-cv-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action."). Accordingly, Defendant has failed to satisfy the burden to show that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009).

For these reasons, the undersigned concludes that the Court lacks subject matter jurisdiction.

Plaintiff also requests an award of its costs, expenses, and attorneys' fees incurred as a result of Defendant's removal. Dkt. No. 9 at 1; Dkt. No. 9-1 at 4-5; Dkt.

-6-

No. 9-2 at 1-2. An award of costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1447(c) is within this Court's discretion. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993). While this case should have not been removed, the undersigned recommends that, in the interest of justice, the Court exercise its discretion to not award attorneys' fees and costs to Plaintiff in light of Defendant's *pro se* status. *See Elliott*, 2010 WL 4627833, at *5 (declining to award attorneys' fees and costs because the Court could not say that the removal was objectively unreasonable where the defendant was *pro se* and proceeding *in forma pauperis*).

## Recommendation

The undersigned concludes that the removal of the action *Nationstar Mortgage LLC v. Leslie T. Washington and All Occupants*, Case No. 3:13-cv-2640-B-BN, was defective because it contravened 28 U.S.C. § 1441(b)'s forum-defendant rule and, additionally, the Court lacks subject matter jurisdiction over *Nationstar Mortgage LLC v. Leslie T. Washington and All Occupants*, Case No. 3:13-cv-2640-B-BN. Accordingly, the undersigned recommends granting Plaintiff's Motion to Remand [Dkt. No. 9] and remanding the action to County Court at Law No. 1, Dallas County, Texas, from which it was removed. However, the Court should decline to award Plaintiff its costs, expenses, and attorneys' fees incurred as a result of Defendant's removal pursuant to 28 U.S.C. § 1447(c).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

   DATED: August 19, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE